UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH K. JEROME,<br><br>                Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN. Commissioner of Social Security,<br><br>                Defendant. | Case No. 3:12-cv-05980-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 14, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

On October 21, 2008, plaintiff filed an application for SSI benefits, alleging disability as of October 2, 2008, due to a bulging degenerated herniated disc and migraines. <u>See</u> ECF #12, Administrative Record ("AR") 9, 171. That application was denied upon initial administrative review on February 2, 2009, and on reconsideration on May 7, 2009. <u>See</u> AR 9. A hearing was

REPORT AND RECOMMENDATION - 1

held before an administrative law judge ("ALJ") on December 15, 2010, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 26-77.

In a decision dated April 25, 2011, the ALJ determined plaintiff to be not disabled. See AR 9-20. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 10, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 416.1481. On November 15, 2012, plaintiff filed a complaint in this Court seeking judicial review of that decision. See ECF #3. The administrative record was filed with the Court on March 11, 2013. See ECF #12. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred:

(1) in evaluating the medical evidence in the record, including the opinion of examining physician Dinah Thyerlei, M.D.;

(2) in discounting plaintiff's credibility;

(3) in rejecting the lay witness evidence in the record;

(4) in assessing plaintiff's residual functional capacity ("RFC");

(5) in finding plaintiff could return to her past relevant work; and

(6) in finding her to be capable of performing other jobs existing in significant numbers in the national economy.

Plaintiff also argues additional evidence submitted to the Appeals Council shows the ALJ's non-disability determination is not supported by substantial evidence or free of legal error. For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinion of Dr. Thyerlei, and thus in assessing plaintiff's RFC and in finding her to be capable of performing

REPORT AND RECOMMENDATION - 2

other jobs existing in significant numbers in the national economy. Further, while the ALJ erred in determining plaintiff to be not disabled and therefore defendant's decision should be reversed on this basis, also for the reasons set forth below the undersigned recommends that this matter be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

REPORT AND RECOMMENDATION - 3

Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

In her January 15, 2011 evaluation report, Dr. Thyerlei opined that plaintiff "is expected to stand and walk for less than two hours in an eight-hour workday," and that she "is expected to sit at one time without interruption for less than two hours and sit for at least two hours, but less than six hours in an eight-hour workday." AR 540. In a medical source statement of ability to do

REPORT AND RECOMMENDATION - 5

physical work-related activities completed the same date, Dr. Thyerlei indicated that plaintiff could sit for 30 minutes at a time and for five hours in an eight-hour workday, stand for 10 minutes at a time and for two hours in an eight-hour workday and walk for 10 minutes at a time and for two hours in an eight-hour workday. AR 542. Dr. Thyerlei further wrote "[l]ying down, kneeling" in response to the following question contained on that form: "If the total time for sitting, standing and walking does not equal or exceed 8 hours, what activity is the individual performing for the rest of the 8 hours?" Id.

In his decision, the ALJ stated that based on the physical examination she performed, Dr. Thyerlei "opined that [plaintiff] could stand or walk for less than 2 hours in an 8-hour workday and sit for less than 6 hours in an 8-hour workday," but "an attached medical source statement clarify [sic] this as limiting [plaintiff] to sitting for 5 hours, standing for 2 hours and walking for 2 hours in an 8-hour workday, indicating that [plaintiff] was capable of working a full 8-hour workday." AR 17. The ALJ further stated that because "Dr. Thyerlei's opinion is based on a thorough examination of [plaintiff] and a review of her medical records, and it takes into account [plaintiff's] subjective complaints of pain, but also takes into account Dr. Thyerlei's observations of [plaintiff]," he was giving that opinion "significant weight." AR 17-18.

Plaintiff argues the ALJ misinterpreted Dr. Thyerlei's findings. The undersigned agrees. As acknowledged by the ALJ, in her narrative evaluation report Dr. Thyerlei opined that plaintiff could stand and walk for two hours total in an eight-hour workday, and could sit for less than six hours in an eight-hour workday, thereby indicating she could sit, stand and walk for less than a total of eight hours in a workday. In addition, while Dr. Thyerlei checked boxes on the medical source statement she completed, indicating plaintiff could sit for five hours in an eight-hour workday, stand for two hours in an eight-hour workday and walk for two hours in an eight-hour

REPORT AND RECOMMENDATION - 6

workday, and thus suggesting Dr. Thyerlei believed plaintiff could perform those activities for at least eight hours in a workday, that suggestion is called into question by Dr. Thyerlei's response to the question: "If the total time for sitting, standing and walking does not equal or exceed 8 hours, what activity is the individual performing for the rest of the 8 hours." AR 542. Accordingly, it is not at all clear that the medical source statement completed by Dr. Thyerlei contradicts the findings in her narrative report. Further, although it is the sole responsibility of the ALJ to resolve conflicts and ambiguities in the evidence, the ALJ did do this in this case, but rather failed to recognize it.

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-

REPORT AND RECOMMENDATION - 7

related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

In assessing plaintiff's residual functional capacity in this case, the ALJ found in relevant part that she could stand or walk for two hours in an eight-hour workday, and that she could sit for six hours in an eight-hour workday. AR 13. As discussed above, though, it is not at all clear that this finding is consistent with the opinion of Dr. Thyerlei, despite the ALJ's statement that he was giving that opinion significant weight. Accordingly, the ALJ's RFC assessment cannot be said to be supported by substantial evidence at this time.

For the same reason, it also cannot be said at this time that the hypothetical question the

REPORT AND RECOMMENDATION - 8

ALJ posed to the vocational expert – and thus the ALJ's reliance on the vocational expert's response thereto in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy and therefore not disabled at step five – is supported by substantial evidence, given that it is based in part on a substantial similar finding concerning the ability to sit, stand and walk. See AR 19, 63-66. Plaintiff argues the vocational expert's additional testimony that there are no significant numbers of jobs that could be performed if "the [hypothetical] individual is unable to perform sustained work activities in an ordinary work setting on a regular and continuous basis that being eight hours a day for five days a week or an equivalent work schedule" (AR 67), is consistent with Dr. Thyerlei's opinion. But as discussed above, the record is not at all clear as to whether Dr. Thyerlei believed plaintiff was unable to sit, stand and walk for a full eight-hour workday. Nor did Dr. Thyerlei opine as to plaintiff's ability to perform sustained work activities on a regular and continuous basis for a full work week. The undersigned, therefore, finds plaintiff's argument to be unsupported by the record.

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, they should be awarded where:

REPORT AND RECOMMENDATION - 9

(1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the opinion of Dr. Thyerlei concerning plaintiff's ability to sit, stand and walk, and therefore in regard to plaintiff's residual functional capacity and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted in this case.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **February 14, 2014**, as noted in the caption.

DATED this 27th day of January, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10